IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08-CR-00158-RJC

| | | |
|---|---|---|
| USA | ) | |
| | ) | |
|    v. | ) | ORDER |
| | ) | |
| JASON A. ROSS | ) | |
| | ) | |

**THIS MATTER** is before the Court upon motions of the defendant for a reduction of

sentence based on retroactive amendments to the United States Sentencing Guidelines relating to

crack cocaine triggered by the Fair Sentencing Act of 2010, (Doc. Nos. 34, 37), the

government's response, (Doc. No. 39), and the defendant's pro se reply, (Doc. No. 40).

The defendant pled guilty to conspiring to possess cocaine and cocaine base with intent to

distribute. (Doc. No. 31: Judgment at 1).  At sentencing, the Court determined that the marijuana

equivalency of the drug quantity reasonably foreseeable to the defendant was 3,478.47

kilograms. (Doc. No. 32: Statement of Reasons (SOR) at 1; Doc. No. 26: Presentence Report

(PSR) at ¶ 56).  The resulting offense level of 32 was increased by 2 levels each for possessing a

dangerous weapon and for abusing a position of trust. (Doc. No. 26: PSR at ¶¶ 64, 66).  It was

then reduced by 3 for acceptance of responsibility. (Id. at ¶ 70).  Combined with a criminal

history category of I, the resulting advisory guideline range was 135-168 months. (Doc. No. 32:

SOR at 1).  The government moved for a downward departure pursuant to USSG §5K1.1 and 18

U.S.C. § 3553(e). (Doc. No. 30: Motion).  After granting the motion, the Court sentenced the

defendant to 108 months' imprisonment, which was 80% of the low end of the range. (Doc. No.

31: Judgment at 2).  Under the most recent amendments to the guidelines, the advisory guideline

range, given the factors applied at the original sentencing hearing, is 120 months. USSG Supp. to Appx. C., Amend. 750 (2011); USSG §5G1.1.[1] A sentence of 96 months is 80% of the revised range, which the government recommends imposing, (Doc. No. 39: Response at 1).

Consistent with 18 U.S.C. § 3582(c)(2), the Court has considered the factors set forth in 18 U.S.C. § 3553(a), as well as the defendant's post-sentence conduct and the public's safety. Based on these factors, the Court finds that a reduction of the defendant's sentence would accomplish the goals of sentencing.

**IT IS, THEREFORE, ORDERED** that the defendant's motions are **GRANTED in part and DENIED in part** and the defendant's sentence is reduced to 96 months' imprisonment. All other terms and conditions previously imposed remain unchanged.

**IT IS FURTHER ORDERED** that, if the defendant is released from imprisonment without a residential plan accepted by the United States Probation Office, the defendant shall submit to the local Residential Reentry Center for a period not to exceed 90 days, with work release, at the direction of the United States Probation Office, as a condition of supervised release.

The Clerk is directed to certify copies of this Order to the defendant, counsel for the defendant, the Federal Defender, the United States Attorney, the United States Marshals Service, and the United States Probation Office.

---

[1] The defendant argues that the amended USSG §1B1.10 cmt. n.1(A) provides for a range unaffected by §5G1.1 (statutory minimum is the guideline sentence when it exceeds the applicable guideline range). (Doc. No. 37: Motion at 4-6). He ignores, however, the Sentencing Commission's explanation of the reason for the amendment. According to Amendment 759, the commentary was altered to resolve a circuit split regarding whether the applicable guideline range is determined before or after consideration of departures. USSG App'x C, Vol. III at 421. Thus, there is no indication that the Commission sought to avoid §5G1.1 in calculating the revised guideline range.

Signed: June 6, 2013

Robert J. Conrad, Jr.
United States District Judge